UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLEVELAND M. GAYLE, JR., | Case No. 12-12489 |
| Plaintiff, | Victoria A. Roberts |
| v. | United States District Judge |
| ARBOR MORTGAGE CORPORATION, *et al*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
*SUA SPONTE* **DISMISSAL AND MOTIONS TO DISMISS (Dkt. 13, 14)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed this complaint in state court on May 14, 2012.  (Dkt. 1-2). Defendants removed this action to federal court on June 7, 2012, noting that it was a possible companion case to *Gayle v. Arbor Mortg. Corp.*, Case No. 12-10898. (Dkt. 1).  This matter was referred to the undersigned for all pretrial proceeds on June 12, 2012.  (Dkt. 10).  Defendants CitiMortgage and Electronic Registration Systems filed a motion to dismiss on June 14, 2012.  (Dkt. 13).  Defendants Dufrane, Ramin, and Dykema Gossett filed a motion to dismiss shortly thereafter. (Dkt. 14).  Various notices of joinder/concurrence in these motions to dismiss were filed by defendants.  (Dkt. 17, 18).  Plaintiff filed a response on October 31, 2012.  (Dkt. 21).  Defendants filed replies and notices of joinder/concurrence in

1

Report and Recommendation
*Sua Sponte* Dismissal
*Gayle v. Arbor Mortg. Co.*; Case No. 12-12489

the replies.  (Dkt. 22, 23, 24, 25).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** and defendants' motions to dismiss be **DENIED** as moot.

## II.   ANALYSIS AND CONCLUSION

As multiple federal district courts in Michigan have observed, plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Cummings v. Mason*, 2011 WL 2745937 (W.D. Mich. 2011), quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); *see also Houston v. Caruso*, 2009 WL 579411 (W.D. Mich. 2009).  Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *Cummings*, at *1, citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).  The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties

2

Report and Recommendation
*Sua Sponte* Dismissal
*Gayle v. Arbor Mortg. Co.*; Case No. 12-12489

from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In Case No. 12-10898, the undersigned has recommended that plaintiff's complaint be dismissed for failure to state a claim on which relief can be granted. (Case. No. 12-10898, Dkt. 22). The complaint in this case involves the very same subject matter as Case No. 12-10898 – the mortgage loan transaction and subsequent foreclosure of the mortgage on plaintiff's residence. (Dkt. 1-2; Case No. 12-10898, Dkt. 1-2). The primary difference between the two complaints is that, in this case, plaintiff added as defendants the attorneys who represent the defendants in Case. No. 12-10898. A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *Cummings*, at *2, citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. *Id*. Courts focus on the substance of the complaint. *See e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). The undersigned does not find that addition of the attorneys who represent the defendants in Case. No. 12-10898 to be a sufficient basis to allow this case to move forward separately. Rather, if it were appropriate to add them as party

Report and Recommendation
*Sua Sponte* Dismissal
*Gayle v. Arbor Mortg. Co.*; Case No. 12-12489

3

defendants, plaintiff could have sought leave in Case No. 12-10898 to do so. Given the similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought, in the present complaint and the complaint in Case No. 12-10898, the present complaint must be considered duplicative and dismissed.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** as duplicative and that defendants' motions to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

4

Report and Recommendation
*Sua Sponte* Dismissal
*Gayle v. Arbor Mortg. Co.*; Case No. 12-12489

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 12, 2012               s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kyle R. Dufrane, Douglas W. McConnell, Chantelle R. Neumann, Nasseem S. Ramin, Jason S. Schnelker, and Kenneth A. Slusser, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Cleveland M. Gayle, Jr., 1564 Pebble Beach Drive, Pontiac, MI 48340.

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov

5

Report and Recommendation
*Sua Sponte* Dismissal
*Gayle v. Arbor Mortg. Co.*; Case No. 12-12489